1  ROBERT H. GRUBER (SBN: 301620)
   rgruber@reitergruber.com
2  CHARLES D. REITER
   creiter@reitergruber.com
3  REITER GRUBER LLP
   100 Wilshire Blvd., Ste. 700
4  Santa Monica, California 90401
   Telephone: 1 (310) 496-7799
5
6  *Attorneys for Defendant*
   *HASHCASH CONSULTANTS, LLC*
7

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYPTO POKER EXCHANGE, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HASHCASH CONSULTANTS, LLC, a California limited liability company; EASHWER KOLLATA; RAJ CHOWDHURY, AKA ROY AICH; AND DOES 1 THROUGH 10,<br><br>Defendants. | CASE NO: 2:20-cv-7871<br>Sup. Ct. Case No. <u>20STCV08885</u><br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT HASHCASH CONSULTANTS**<br><br>ACTION FILED: FEB. 15, 2020<br>SUMMONS RECEIVED: JULY 28, 2020 |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant HASHCASH CONSULTANTS, LLC (HashCash) hereby removes this civil action from the Los Angeles County Superior Court to the United States District Court for the Central District of California under 28 U.S.C. §§ 1332 and 1441, *et seq.*

## BASIS FOR JURISDICTION

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship and the required amount in controversy both exist. As a result, this action may be removed to this Court under 28 U.S.C. § 1441(a).

## FILING OF THE COMPLAINT

2. On February 15, 2020, Plaintiff CRYPTO POKER EXCHANGE, INC., a Delaware corporation ("Plaintiff") filed a Complaint ("Complaint") against Defendants in the Los Angeles County Superior Court bearing Case No. 20STCV08885. While HashCash has not yet been formally served with any pleadings, process, or orders, pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as **EXHIBIT A**. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which this action is based.

## RECEIPT OF THE SUMMONS AND COMPLAINT

3. HashCash received a mailing containing the Summons and Complaint on July 28, 2020. HashCash has yet to be served with the Summons and Complaint in compliance with Fed. R. Civ. P. 4(h).

## ALLEGATIONS OF THE COMPLAINT

4. Plaintiff alleges that it entered into a contract with HashCash on September 8, 2019 (the "Contract"). (Compl. ¶ 7.)

5. Pursuant to the Contract, HashCash properly received $78,000.00 from Plaintiff. (Compl. ¶ 9.) Plaintiff claims that the payment was fraudulent despite Defendants' completion of the services called for under the Contract. (Compl. ¶ 14.)

6. Based upon these factual allegations, Plaintiff asserts claims for relief for: (1) fraud; (2) breach of contract; (3) anticipatory breach of contract; (4) promissory estoppel; (5) intentional interference with prospective economic advantage; and (6) a violation of the Cal. Bus. & Prof. Code § 17200 (for an unfair business practice).  (Compl. ¶ 1.)

## DIVERSITY JURISDICTION

7. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship and the required amount in controversy both exist.  As a result, this action may be removed to this Court under 28 U.S.C. § 1441(a).

## CITIZENSHIP OF THE PARTIES

8. Plaintiff is a Delaware corporation with its principal place of business located in Virginia.  Plaintiff is therefore a citizen of the State of Delaware and the State of Virginia under 28 U.S.C. § 1332 (c)(1).

9. Defendant HASHCASH CONSULTANTS, LLC, a California LLC, is a citizen of California and the Republic of India for diversity purposes.  For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which any member of the company is a citizen. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state of which its owners/members are citizens").  [The owners and members of Defendant HashCash are citizens of California and the Republic of India.]

10. Defendant EASHWER KOLLATA is a citizen of the State of California.

11. Defendant RAJ CHOWDBURY, AKA ROY AICH is a citizen of the Republic of India.

12. Under 28 U.S.C § 1441(b)(1) the citizenship of defendants sued under fictitious names shall be disregarded in determining whether a civil action is removable.

## AMOUNT IN CONTROVERSY

13. The amount in controversy exceeds the $75,000 jurisdictional minimum under 28 U.S.C. § 1332(a).

14. The Complaint asserts a claim for recovery of at least $78,000 (for recovery of the funds rightfully paid to Defendants) along with punitive damages and costs of bringing the suit. (Compl. Prayer for Relief, p. 7-8.). Accordingly, the amount in controversy exceeds the $75,000 jurisdictional minimum under 28 U.S.C. § 1332(a).

## REMOVAL

15. Defendants hereby exercise their right under 28 U.S.C. §§ 1441, *et seq.*, to remove this action from the Los Angeles County Superior Court to the United States District Court for the Central District of California.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Los Angeles County Superior Court, and Defendants will give written notice of the filing of this Notice of Removal to Plaintiff.

17. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them, including any objections to personal jurisdiction or venue, or any defense for failure to state a claim.

18. Defendants reserve the right to amend or supplement this Notice of Removal.

//
//

Dated: August 27, 2020

REITER GRUBER LLP

By _____
Robert H. Gruber
Charles D. Reiter
*Attorneys for Defendant HashCash Consultants LLC*

# Ex. A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/04/2020 02:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:20-cv-07871-ODW-KS   Document 1   Filed 08/27/20   Page 7 of 14   Page ID #:7
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Rico

```
VICTOR B. MEYEN (SBN 147161)
Attorney at Law
224 West Dryden Street #109
Glendale, CA 91202
Tel. (626) 469 9988
Attorney for Plaintiff CRYPTO POKER EXCHANGE INC.
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CRYPTO POKER EXCHANGE INC., <br><br> Plaintiff, <br><br> v. <br><br> HashCash Consultants, LLC., <br> EASHWER KOLLATA, <br> RAJ CHOWDHURY, AKA <br> ROY AICH; <br> and DOES 1 through 10, <br><br> Defendants | CASE NO. 20STCV08885 <br><br> COMPLAINT FOR: <br> (1) FRAUD; <br> (2) BREACH OF CONTRACT; <br> (3) ANTICIPATORY BREACH OF CONTRACT; <br> (4) PROMISSORY ESTOPPEL; <br> (5) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; <br> (6) BPC SECTION 17200 UNFAIR BUSINESS PRACTICE |

Plaintiff CRYPTO POKER EXCHANGE INC. ("Plaintiff" or "CPE") alleges as follows:

I. **NATURE OF THE ACTION**

1. This is an intentional fraud, breach of contract, anticipatory breach of contract, promissory estoppel, intentional interference with prospective economic advantage, and violation of California UNFAIR BUSINESS PRACTICES ACT action by Plaintiff against Defendant HashCash Consultants, LLC. ("HashCash"), Defendant EASHWER KOLLATA ("KOLLATA"), and Defendant RAJ CHOWDHURY, AKA ROY

1

AICH ("ROY") (collectively referred to as "Defendants") as more fully described below.

## II. THE PARTIES

2. The Plaintiff is CRYPTO POKER EXCHANGE INC. ("CPE") is a Delaware corporation with its main place of business located at 15380 Warm Springs Ln., Manassas Virginia 20112. CPE is a start-up business involved in developing a cryptocurrency exchange and blockchain network for gaming such as poker (the "Business"). The CEO and owner of CPE is Min Yi ("Min").

3. The DEFENDANT HashCash Consultants, LLC. ("HashCash") is a California limited liability company with its main place of business in San Francisco.

4. The DEFENDANT EASHWER KOLLATA ("KOLLATA") is the CEO AND Founder of HashCash.

5. The DEFENDANT RAJ CHOWDHURY, AKA ROY AICH ("ROY") appears to be the owner of HashCash and a major party in the fraud described below.

6. The true names and capacities, whether individual, corporate, associate or otherwise of Defendant DOES 1 through 10 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will ask leave of Court to amend his complaint to show their true names and capacities when ascertained.

## III. FACTUAL ALLEGATIONS

7. Plaintiff entered into an Agreement (the "CONTRACT")

with HashCash which was executed by Min on behalf of Plaintiff CPE and KOLLATA as CEO of HashCash. The date of the CONTRACT was September 8, 2019.

8. The CONTRACT provided that HashCash would provide a variety of services to CPE including developing a cryptocurrency exchange and blockchain network for gaming such as poker as well as other technical support (the "Contractual Services"). The CONTRACT provided in Paragraph XXII that any disputes or litigation regarding the CONTRACT would be resolved and litigated in Los Angeles Superior Court or in the U.S. District court for the Central District of California.

9. CPE in the first few months after the CONTRACT was signed paid over $78,000 to HashCash. There were many weekly on-line calls between Min and ROY as well as two other computer consultants located in Los Angeles discussing and working on the Contractual Services.

10. One of the Los Angeles consultants sent an email to Min suggesting that this may be a scam, that many of the supposed staff employees of HashCash were fictitious and other problems.

11. Min saw to it that a number of audits (the "Audits") were performed and additional research proved that ROY's name "Roy Aich" was an alias and that his real name was RAJ CHOWDHURY, he supposed owner of HashCash.

12. The Audits showed that the software that HashCash had provided was simply open source software that anyone could get for free.

13. HashCash has refused to refund the money or to do any satisfactory work required by the CONTRACT. In addition the CONTRACT required that the work be completed in circa 18 weeks so the deadline was sometime in January.

14. CPE has come to the clear conclusion that they have been scammed.

### FIRST CAUSE OF ACTION

### FRAUD

(Against Defendant HashCash, Defendant KOLLATA and Defendant ROY)

15. Plaintiff realleges and incorporates by reference each allegation set forth in Paragraphs 1 through 14 as if said allegations were set forth herein.

16. Defendant HashCash, Defendant KOLLATA and Defendant ROY (collectively the "Defendants") made false representations to CPE that Defendants would provide the contractual services, such representations were intentional, they were false, and CPE reasonably relied on such false representations.

17. Such false representations caused damage to CPE including the loss of over $78,000 as well as other damage.

18. Such brazen conduct is shocking to the conscience and justifies the imposition of punitive damages.

### SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

(Against Defendant HashCash )

19. Plaintiff realleges and incorporates by reference each allegation set forth in Paragraphs 1 through 14 as if

1 said allegations were set forth herein.

2     20. CPE and Defendant HashCash entered into the CONTRACT which required that the Contractual Services be performed;

5     21. CPE did everything required to be done and was prepared to go forward so all conditions occurred which were required for performance by HashCash;

8     22. HashCash failed to perform and Plaintiff CPE was damaged and the breach of contract was a substantial factor in causing damage to Plaintiff, which was was in excess of $78,000.

### THIRD CAUSE OF ACTION
### ANTICIPATORY BREACH OF CONTRACT
(Against Defendant HashCash)

23. Plaintiff CPE realleges and incorporates by reference each allegation set forth in Paragraphs 1 through 14 as if said allegations were set forth herein.

24. Plaintiff CPE and Defendant HashCash had entered into an enforceable contract with respect to the Contractual Services.

25. Defendant HashCash has clearly indicated that that Defendant HashCash would not perform the contract which they had entered into thus expressly repudiating the Contract.

26. Defendant's conduct in refusing to perform the contract constitutes an anticipatory breach of the agreement, which was over $78,000.

**FOURTH CAUSE OF ACTION**

**PROMISSORY ESTOPPEL**

**(Against Defendant HashCash)**

27. Plaintiff CPE realleges and incorporates by reference each allegation set forth in Paragraphs 1 through 14 as if said allegations were set forth herein.

28. Defendant HashCash made promises to Plaintiff and reasonably expected such promises to induce action by Plaintiff;

29. Such promise to perform the Contractual Services was clear and unambiguous, Plaintiff CPE actually relied on such promise and the promise was breached;

30. Such reliance was reasonable and foreseeable and caused actual damage to Plaintiff, which was over $78,000.

**FIFTH CAUSE OF ACTION**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**(Against Defendant HashCash)**

31. Plaintiff CPE realleges and incorporates by reference each allegation set forth in Paragraphs 1 through 14 as if said allegations were set forth herein.

32. Defendant HashCash knew or should have known that failing to act with reasonable care would disrupt an economic relationship Plaintiff likely had with others in setting up a business;

33. Defendant HashCash knew or should have known of this and not performing the Contractual Services was wrongful.

34. Defendant knew that the prospective economic advantage of Plaintiff would be disrupted and that there was actual disruption of Plaintiff's economic relationships, which damage shall be determined at trial.

### SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### (BUSINESS AND PROFESSIONS CODE 17200)

(Against Defendant HashCash, Defendant KOLLATA and Defendant ROY )

35. Plaintiff CPE realleges and incorporates by reference each allegation set forth in Paragraphs 1 through 14 as if said allegations were set forth herein.

36. Defendant HashCash knew or should have known that failing to act with reasonable care would disrupt an economic relationship Plaintiff likely had with others in setting up a business and that Defendant's false promises and representations constituted an unfair business practice;

37. Plaintiff relied on Defendant's false and misleading promises which caused actual damage to Plaintiff.

38. Defendant's conduct constitutes an unfair business practice.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them jointly and severally as follows:

1. For special damages in a sum to be proven at trial;
2. For general damages in a sum to be proven at trial;
3. For economic damages in a sum to be proven at trial;
4. Punitive damages in an amount determined by the

1  court to be reasonable as authorized by section 3294 of the
2  California Civil Code.
3       5. For the costs of suit incurred herein;
4       6. For such other relief as the court may consider just
5  and proper.
6  Dated: February 15, 2020
                                    _____
7                                   VICTOR B. MEYEN
                              Attorney Representing Plaintiff
8                                CRYPTO POKER EXCHANGE INC.

10   MINCOMP.04 2/15/2020